738 F.2d 1065
 Bankr. L. Rep. P 69,960
In the Matter of KING CITY TRANSIT MIX, INC., Debtor.
Geraldine D. WALTHER, Counterclaimant/Appellant,
v.
KING CITY TRANSIT MIX, INC., Counterdefendant/Appellee.
 No. 83-2449.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 17, 1984.*
Decided July 27, 1984.
 
 Trevor Clegg, Wild, Carter, Tipton, & Oliver, Fresno, Cal., for counterclaim/appellant.
 Bruce Lindsey, Salinas, Cal., for counterdefendant/appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before SNEED and FLETCHER, Circuit Judges, and BURNS,** District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the District Court for the Northern District of California affirming the order of the Bankruptcy Court for the Northern District of California. Because we conclude that the ruling challenged on appeal is an interlocutory ruling over which we lack appellate jurisdiction, we dismiss the appeal.FACTS
 
 
 2
 In 1979, King City Transit Mix, Inc. (King City) bought a 1978 Peterbilt Transfer and Reliance Trailer from Geraldine Walther, giving Walther a security interest in the trailer to secure a note for $20,471. Pursuant to both the contract of sale and a court order, King City was to list Walther as legal owner on the registration certificate. King City never did.
 
 
 3
 On April 16, 1981, King City filed a voluntary petition under Chapter 11 of the Bankruptcy Code. In an adversary proceeding, King City sought to avoid Walther's claim of a security interest on the ground that she had failed to perfect as required by the California Vehicle Code Sec. 6300. Walther responded with a counterclaim to establish an equitable lien (count I), and for damages for breach of contract, fraud and conversion (counts II, III and IV, respectively). The bankruptcy court granted King City's motion to dismiss count I of the counterclaim for failure to state a claim upon which relief could be granted. Counts II, III, and IV remain. Walther appealed to the district court which issued an order affirming the bankruptcy court's decision. Walther then appealed to this court.
 
 
 4
 Though the issue of our appellate jurisdiction was not raised by the parties, we requested additional briefing on the issue.
 
 DISCUSSION
 
 5
 Our jurisdiction to review decisions of the bankruptcy court is defined by 28 U.S.C. Sec. 1293(b) effective prior to April 1, 1984 under section 405(c)(2) of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2685 (1978). That statute vests this court with jurisdiction of
 
 
 6
 an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District Court of the United States or from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.
 
 
 7
 Thus, the court of appeals only has jurisdiction over final judgments, orders or decrees. Interlocutory orders are not appealable as of right. They may be reviewed at the discretion of the district court, 28 U.S.C. Sec. 1334(b), but are not appealable to the court of appeals under 28 U.S.C. Sec. 1293. In re Mason, 709 F.2d 1313, 1315 (9th Cir.1983).
 
 
 8
 This is in accord with the general rule that federal appeals can only be taken from final orders. 28 U.S.C. Sec. 1291; In re Rubin, 693 F.2d 73 (9th Cir.1982). At issue here is whether the decision of the bankruptcy court dismissing count I of the counterclaim and leaving intact the complaint and three counts of the counterclaim is a "final judgment, order, or decree."
 
 
 9
 This court recently discussed the need to apply the rules of finality flexibly in this area, in light of the unique nature of bankruptcy procedure. In re Mason, 709 F.2d at 1316. See generally, R. Levin, Bankruptcy Appeals, 58 N.C.L.Rev. 967, 985 (1980). However, in this case even the unique nature of a bankruptcy proceeding does not warrant a departure from final order jurisprudence developed in the context of 28 U.S.C. Sec. 1291.
 
 
 10
 Appellate jurisdiction is lacking in this case because the bankruptcy court's order did not dispose of all issues in the adversary proceeding but only dismissed one count of a four-count counterclaim. Neither did the court direct entry of judgment under Fed.R.Civ.P. 54(b) which applies to adversary proceedings in bankruptcy by virtue of Bankruptcy Rule 7054. See In re Adirondack Railway Corp., 726 F.2d 60, 64 (2d Cir.1984) (no jurisdiction to review the interlocutory rulings striking an affirmative defense and granting partial summary judgment in the absence of compliance with Rule 54(b)). Cf. Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101 (3d Cir.1981) (jurisdiction existed where bankruptcy court's order denied all the relief sought in the adversary proceeding); Matter of Licek Potato Chip Co., 599 F.2d 181, 185 (7th Cir.1979) (pre-Reform Act case finding no jurisdiction when the lower court did not decide all the issues and no Rule 54(b) determination had been made); Levin, 58 N.C.L.Rev. at 986.
 
 
 11
 Because the bankruptcy court's order was interlocutory in nature, it could be reviewed by the district court only as a matter of discretion under 28 U.S.C. Sec. 1334(b), not as a matter of right under 28 U.S.C. Sec. 1334(a). We therefore lack jurisdiction to review the district court's decision. Our jurisdiction under Section 1293 extends only to review of matters that were appealed to the district court as a matter of right. In re Rubin, 693 F.2d at 75-76.
 
 
 12
 This appeal is DISMISSED.
 
 
 
 *
 The Panel is unanimously of the opinion that oral argument is not required in this case. Fed.R.App.P. 34(a)
 
 
 **
 Honorable James M. Burns, Chief Judge, United States District Court, District of Oregon, sitting by designation