ORDER
Teleport Oil Company (Teleport), the debtor in bankruptcy, appealed to the district court from the bankruptcy court’s order appointing a trustee. Teleport also requested the district court to stay the bankruptcy court order pending appeal. The district court denied Teleport’s request for stay, and Teleport appealed the denial of a stay to this court. The appeal from the order appointing a trustee remains pending in the district court. We dismiss for lack of jurisdiction Teleport’s appeal from the district court’s denial of a stay.
Under 28 U.S.C. § 158(d) (§ 158) (formerly 28 U.S.C. § 1293(b)),[1] this court has jurisdiction over “appeals from all final decisions, judgments, orders and decrees” of the district courts in bankruptcy matters. Previous decisions of this court have held that § 1293 replaces the traditional analysis of finality for purposes of appeal conducted under 28 U.S.C. § 1291 (§ 1291) with a more flexible approach to finality for bankruptcy appeals.
[Bankruptcy proceedings are unique ... the rules of finality developed for conventional litigation should not be applied mechanically. Those orders that “ ‘may determine and seriously affect substantive rights’ and ‘cause irreparable harm to the losing party if he had to wait to the end of the bankruptcy case’ ” are immediately appealable.
In re White, 727 F.2d 884, 885 (9th Cir. 1984) (quoting In re Mason, 709 F.2d 1313, 1316-17 (9th Cir.1983)). See also In re King City Transit Mix, Inc., 738 F.2d 1065, 1066 (9th Cir.1984). Under this approach, the district court’s refusal to stay the appointment of a trustee is not appealable to this court as á final order under § 158. The district court’s decision not to grant a stay did not conclusively determine any controversy before the district court, and Teleport has not demonstrated that it will suffer irreparable injury if an immediate appeal of the refusal to stay is denied.
Teleport argues that we have jurisdiction to address bankruptcy appeals under 28 U.S.C. § 1292 (§ 1292), which governs interlocutory appeals in non-bankrupt *1378 cy matters, when the district court’s order is not final within the meaning of § 158. Some of the decisions applying § 1293 have noted that appellate court jurisdiction over bankruptcy matters is limited to final orders, see e.g., In re King City Transit, 738 F.2d at 1066; In re White, 727 F.2d at 885, but these decisions did not specifically address the application of § 1292 to bankruptcy appeals. We hold that § 158 precludes bankruptcy appellants from relying on § 1292 as a basis for appellate court jurisdiction.
The express provisions for appeal from final orders in § 158 necessarily preclude reliance on § 1291 as a basis for appeal from final orders in bankruptcy cases. If § 1291 still applied to final bankruptcy orders, § 158 would be superfluous. It is evident that Congress intended § 158 to be the exclusive basis of jurisdiction in the appellate courts in bankruptcy matters. We conclude that the interlocutory appeal provisions of § 1292, like the final appeal provisions of § 1291, are inapplicable to bankruptcy proceedings. See In re Regency Wood Apartments, Ltd., 686 F.2d 899, 901 (11th Cir.1982); In re Riddervold, 647 F.2d 342, 343 (2d Cir.1981). Moreover, the availability of mandamus jurisdiction, discussed below, and the less stringent definition of finality applied under § 158 limit any potential hardship caused by denying bankruptcy appellants access to this court through § 1292.
Our decision that interlocutory orders of the type before us today are not appealable to this court under § 1292 or § 158 is consistent with this court’s recent decision in In re Sambo’s Restaurants, Inc., 754 F.2d 811 (9th Cir.1985) (Sambo’s). In Sambo’s this court held that, where the bankruptcy court issues an indisputably final order, an order of the district court affirming or reversing the bankruptcy court order is also final even though it may be “interlocutory” in the sense that it provides for further action by the bankruptcy court. The type of interlocutory order which we review today is distinct from the type of “interlocutory” order at issue in Sambo’s. In this case, the district court merely refused to issue a stay pending its decision on the merits of the appeal. It did not reverse or affirm a final order of the bankruptcy court. The type of interlocutory order which we review today is not final under the Sambo’s doctrine, or, as discussed above, under the less stringent approach to finality which is generally applied to § 158.
We recognize that mandamus jurisdiction is available to review a district court’s denial of stay in those extraordinary cases where a bankruptcy appellant in the district court is threatened with irreparable harm and there are no other means, including the eventual appeal, to protect himself from this harm. See Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977) (listing five factors to be considered in mandamus analysis). Even were we to construe the present appeal as a petition for mandamus relief, see Unified Sewerage Agency v. Jelco, Inc., 646 F.2d 1339, 1343 (9th Cir.1981), we would deny relief because Teleport has not shown that it is threatened with irreparable injury. See In re Cement Antitrust Litigation (MDL 296), 688 F.2d 1297, 1301-03 (9th Cir.1982), aff'd for absence of quorom sub nom., Arizona v. Ash Grove Cement Co., 459 U.S. 1190, 103 S.Ct. 1172, 75 L.Ed.2d 425 (1983).
APPEAL DISMISSED.

. Although the prior decisions of this court discussed below addressed 28 U.S.C. § 1293(b) they are applicable in this case involving § 158 because both § 1293 and § 158 refer to final judgments, orders or decrees as the basis for appellate court jurisdiction in bankruptcy matters.