**712**

In re George I. BENNY and Alexandra
Benny, Debtors. (Four Cases)

Alexandra BENNY, Debtor-Appellant,

v.

John M. ENGLAND, Trustee; Chicago
Title Insurance Company, Creditor,
etc., et al., Appellees.

UNITED STATES of America,
Intervenor-Appellant,

v.

John M. ENGLAND, Trustee, Chicago
Title Insurance Company, Creditor,
etc., et al., Appellees.

Keith M. LUNDIN, Mark B. McFeely,
William L. Norton, George C. Paine,
III, Hugh Robinson and Arthur N. Vo-
tolato, Jr., Bankruptcy Judges, Appli-
cants for Intervention-Appellants,

v.

Alexandra BENNY, Debtor-Appellee.

UNITED STATES of America,
Intervenor-Petitioner-Appellee,

v.

John M. ENGLAND, Trustee; Chicago
Title Insurance Company, Creditor,
etc., et al., Appellees.

Nos. 84–2805, 85–1517, 85–1530
and 85–1765.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1985.

Decided June 9, 1986.

Law Offices of John T. Hansen, John T. Hansen, Lewis C. Maldondo, San Francisco, Cal., for Benny.

Richard K. Willard, Asst. Atty. Gen., Joseph P. Russoniello, U.S. Atty., Paul Blankenstein, Appellate Litigation Counsel, Judith F. Ledbetter, Atty., Dept. of Justice, Washington, D.C., for U.S.

Steven R. Ross, Gen. Counsel to the Clerk, Charles Tiefer, Deputy Gen. Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C., for Speaker & Bipartisan Leadership Group of the House of Representatives.

Michael Davidson, Morgan J. Frankel, Office of Senate Legal Counsel, Washington, D.C., for U.S. Senate.

Laurence J. Kaiser, Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for Bankruptcy Judges.

Before: FERGUSON, NORRIS and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

These cases involve appeals from a district court's order, 44 BR 581, upholding the constitutionality of sections 106 and 121 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (the 1984 Act), and from an order denying intervention to a group of bankruptcy judges.

We dismiss appeals Nos. 84–2805 and 85–1517, challenging the constitutionality of the 1984 Act, for lack of jurisdiction. We also dismiss for lack of jurisdiction appeal No. 84–1765, raising the same issue, in which permission to appeal pursuant to 28 U.S.C. § 1292(b) (1982) had previously been granted. Finally, in appeal No. 85–1530, we affirm the district court's decision denying the bankruptcy judge's motion to intervene as of right, and we conclude that the district court did not abuse its discretion in denying their motion for permissive intervention.

## FACTS AND PROCEDURAL HISTORY

The involuntary bankruptcy proceeding that gives rise to these appeals was filed against the Bennys in 1982. After the bankruptcy court entered an order for relief of creditors, the Bennys moved the bankruptcy court for reconsideration. Alexandra Benny (Benny) also moved to dismiss the proceeding on the basis of the bankruptcy court's lack of jurisdiction.[1] She contended that the bankruptcy judge was improperly exercising jurisdiction over the bankruptcy proceedings because he had been unconstitutionally reinstated to office. The district court granted Benny's motion for partial withdrawal of the reference to bankruptcy court with respect to the constitutionality issue.

Benny subsequently filed a motion in district court seeking: (1) a declaration that Congress violated the Constitution in passing sections 106 and 121 of the 1984 Act, which extended bankruptcy judges' terms retroactively to June 28, 1984, and prospectively for two to four years; and (2) rescission of the Northern District of California's July 20, 1984, general reference order referring all bankruptcy matters to bankruptcy judges. The crux of her argument was that either the bankruptcy judgeships or the bankruptcy judges' terms of office had terminated on June 28, 1984, on the expiration of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549 (the 1978 Act). She contended that the 1984 Act §§ 106 and 121 constituted congressional reinstatement of the bankruptcy judges, which violated the Appointments Clause, U.S. Const. art. II, § 2, cl. 2.

The Bennys' trustee in bankruptcy and a committee of the Bennys' unsecured creditors opposed the motion. Shortly thereafter, the Attorney General intervened pursuant to 28 U.S.C. § 2403(a) (1982), and submitted a memorandum in support of Benny's position, arguing that the sections were unconstitutional.[2] The United States Senate (the Senate), the Speaker and Bipartisan Leadership Group of the House of Representatives (the House), and a group of bankruptcy judges (the bankruptcy judges) sought leave to intervene. None of the bankruptcy judges sits in this circuit. The court permitted the House and Senate to intervene. It did not rule on the bankruptcy judges' motion to intervene until after it had rendered a decision on the merits, but it permitted them to file a brief and present their arguments at the hearing.

The court heard argument on the motion on November 2, 1984. On November 30,

[1.] George Benny, Alexandra's husband, did not join in her challenge and has not participated in this appeal.

[2.] We do not consider whether section 2403(a) permits the Attorney General to intervene for the purpose of challenging, rather than defending, a statute's constitutionality. This issue is not before us here.

1984, the court entered an order rejecting the constitutional challenge to the 1984 Act §§ 106 and 121. Benny filed a timely notice of appeal (No. 84–2805) ten days later. On January 4, 1985, the United States also filed a timely notice of appeal (No. 85–1517).

Although the district court announced at the November 2 hearing that it was denying the bankruptcy judges' motion to intervene and treating the judges as amicus, it did not enter an order denying the motion to intervene until December 7. The bankruptcy judges filed a timely notice of appeal (No. 85–1530) on January 8. This court consolidated Benny's, the United States', and the bankruptcy judges' appeals on February 11.

The district court entered an order on February 12 certifying its order that upheld the constitutionality of sections 106 and 121 for immediate appeal pursuant to 28 U.S.C. § 1292(b). The United States filed a petition for leave to appeal on February 25. On May 21, this court granted the petition and directed the parties to discuss whether 28 U.S.C. § 1292(b) applies to this case. In the same order, the court consolidated the appeal (No. 85–1765) with the appeals described above.

## DISCUSSION

### I.

#### Nos. 84–2805 and 85–1517

#### Order Affirming
#### Constitutionality of 1984 Act

At the outset, we are obligated to determine our own jurisdiction over these appeals. *See Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir.1985). Debtor-appellant Benny and intervenor-appellant United States both appeal the district court's order holding sections 106 and 121

of the 1984 Act constitutional. Because both appeals arise in the same jurisdictional posture, we consider them together in examining the possible bases for jurisdiction in this court.

#### A. 28 U.S.C. § 158(d) as a Basis for Jurisdiction

■ Jurisdiction over these two appeals arguably exists under the jurisdictional component of the 1984 Act, codified at 28 U.S.C. § 158.[3] Section 158(d) provides this court with jurisdiction over judgments from district courts "entered under subsection (a) of this section." Section 158(a) vests district courts with jurisdiction only over appeals from bankruptcy courts. By its literal terms, therefore, section 158 vests this court with jurisdiction over district courts' decisions *only* if those decisions are rendered on *appeal* from bankruptcy courts. 1984 Act § 104(a), 28 U.S.C. § 158(a), (d).

The order at issue in these appeals was entered by the district court in the first instance, rather than on appeal from a bankruptcy court. Because the district court had withdrawn the reference of the constitutional issue from the bankruptcy court, the bankruptcy court did not consider the issue. Thus the order here does not fall within the literal language of section 158(d).

We are not persuaded to extend our jurisdiction under section 158 beyond its literal terms. First, we are hesitant to do so without some clear indication that such an extension is consistent with congressional intent. Here, no such indication exists. Moreover, the 1984 Act uses much narrower language than its predecessor, the 1978 Act, in conferring specific bankruptcy jurisdiction on this court. The 1978 Act gave this court jurisdiction over any "appeal from a final judgment, order, or decree of a ... District court of the United States,"

---

3. We do not consider whether the terms of the 1978 Act would have conferred jurisdiction over this appeal. It is true that this case was filed in bankruptcy court after October 1, 1979, so its substance was governed by the 1978 Act rather than the 1898 Act. *See* 1978 Act §§ 402, 403(a).

The 1978 Act, however, cannot confer jurisdiction over appeals filed after July 9, 1984. *Securities and Exchange Commission v. Danning (In re Carter)*, 759 F.2d 763, 766 (9th Cir.1985). The earliest of the four notices of appeal here was filed in December 1984.

without specifying whether such final orders must have been entered in appeals from bankruptcy courts. 1978 Act, § 236(a) (formerly codified at 28 U.S.C. § 1293(b) (1982)). The narrowing of this language in the 1984 Act suggests a limiting of the circumstances under which this avenue of appeal may be used and is inconsistent with the expansive reading necessary to save our jurisdiction under section 158(d).

We note that the precedent of this circuit is not particularly helpful in determining the propriety of expanding our jurisdiction under section 158 beyond its literal terms. An early opinion involving the 1984 act concludes that section 158 is "the exclusive basis of jurisdiction in the appellate courts in bankruptcy matters." *Teleport Oil Co. v. Security Pacific National Bank (In re Teleport Oil Co.)*, 759 F.2d 1376, 1378 (9th Cir.1985). Because section 158 is silent about appeal of orders entered in the district court in the first instance, *Teleport* suggests that we would have to stretch section 158 beyond its literal terms to establish appellate jurisdiction in this case.[4] Later cases, however, have found both concurrent and exclusive appellate jurisdiction over various bankruptcy matters pursuant to sections other than section 158. *See, e.g., In Re Manoa Finance*, 781 F.2d 1370, 1372 (9th Cir.1986) (appeal from the decision of a district court judge sitting in bankruptcy court, finding direct appellate jurisdiction to this court under 28 U.S.C. § 1291); *In re Pacific Express, Inc.*, 780 F.2d 1482, 1484 (9th Cir.1986) (appeal from district court affirmance of bankruptcy court decision, finding jurisdiction pursuant to both sections 158 and 1291); *In re Daley*, 776 F.2d 834, 836 (9th Cir.1985) (same, finding jurisdiction only under section 1291); *In re Kemble*, 776 F.2d 802, 805 (9th Cir.1985) (appeal of district court's order granting relief from automatic stay

and withdrawal of reference, jurisdiction evaluated under section 1291); *In re Hill,* 775 F.2d 1385, 1385–86 (9th Cir.1985) (appeal of district court dismissal of appeal from bankruptcy court decision, finding jurisdiction only under section 1291). *But see In re Cecchini*, 780 F.2d 1440, 1441 (9th Cir.1986) (appeal from bankruptcy appellate panel's affirmance of bankruptcy court decision, finding jurisdiction only under section 158); *In re 405 North Bedford Drive Corp.*, 778 F.2d 1374, 1376–77 (9th Cir.1985) (appeal from district court affirmance of bankruptcy court decision, finding jurisdiction under section 158, citing *Teleport*).

Although our own precedent is inconsistent, the majority of the circuits that have considered this issue do not expand section 158(d) beyond its terms or treat it as the sole source of jurisdiction over bankruptcy appeals. *See, e.g., In re Salem Mortgage Co.*, 783 F.2d 626, 631–32 & n. 15 (6th Cir.1986) (finding jurisdiction under section 1291 and criticizing *Teleport*); *In re King Memorial Hospital*, 767 F.2d 1508, 1510 (11th Cir.1985) (per curiam) (considering jurisdiction under sections 1291 and 1292); *In re Martin-Trigona*, 763 F.2d 135, 138–39 (2d Cir.1985) (same); *In re Amatex Corp.*, 755 F.2d 1034, 1038–39 & n. 4 (3d Cir.1985) (finding jurisdiction under 1291 and rejecting it under 158 because district court acted pursuant to original, not appellate, jurisdiction); *see also John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1491–92 (10th Cir.1984) (per curiam) (considering jurisdiction under section 1291 as well as section 158's predecessor in the 1978 Act); *In re UNR Industries*, 725 F.2d 1111, 1115, (7th Cir.1984) (alternatively holding that section 1291 confers jurisdiction during transitional period of 1978 Act). *But see In re Barrier*, 776 F.2d 1298, 1299 (5th Cir.1985) (holding that

---

**4.** The only other possible conclusion, that such decisions are unreviewable, is obviously unsound. We are reluctant to find that Congress intended particular decisions to be unreviewable absent express, unambiguous statutory language. *See Lindahl v. Office of Personnel*

*Management,* —— U.S. ——, 105 S.Ct. 1620, 1627–28 & n. 13, 84 L.Ed.2d 674 (1985). No language in the 1984 Act even suggests, let alone makes unambiguous, that district courts' orders entered in the first instance in bankruptcy cases are unreviewable.

section 158 is comprehensive, relying heavily on *Teleport* ).

■■ In summary, we hold that appeals in bankruptcy cases may be taken to this court pursuant to section 158(d) only if the order appealed from is within the scope of section 158(a), a bankruptcy court order appealed to a district court. If an appeal from the district court to this court did *not* reach the district court through section 158(a), section 158(d) has no application.[5] In the present case, the district court's order was not an appeal from the bankruptcy court under section 158(a), and jurisdiction therefore cannot lie in this court under section 158(d).

### B. 28 U.S.C. § 1291 as a Basis for Jurisdiction

The general provision for the appeal of final orders of district courts, 28 U.S.C. § 1291, provides a possible alternative basis for jurisdiction over these two appeals. A number of courts, including our own, have found this provision appropriate for review of bankruptcy decisions not falling within the scope of section 158. *See generally* cases cited *supra*. *But see In re Teleport*, 759 F.2d at 1378 (holding that sections 1291 and 1292 are inapplicable to bankruptcy proceedings).

■■ In seeking jurisdiction under section 1291, however, appellants face the problem of "finality." Our jurisdiction under section 1291 is to hear appeals from "final orders." A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed.

911 (1945). The denial of a motion to dismiss on jurisdictional grounds obviously does not end the litigation on the merits. Such a denial is therefore not a final order under 28 U.S.C. § 1291. *In re King Memorial Hospital Inc.*, 767 F.2d at 1510; *John E. Burns Drilling Co.*, 739 F.2d at 1491–92.

■ We recognize that the general standards for appealability of bankruptcy orders are broader and more flexible than those that apply to ordinary civil cases. *Compare* 28 U.S.C. § 158 *and Mason v. Integrity Insurance Co. (In re Mason)*,[6] 709 F.2d 1313, 1316–18 (9th Cir.1983), *with* 28 U.S.C. § 1291 *and Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed.2d 1528 (1949). This is because "certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right." *In re Mason*, 709 F.2d at 1317. The broader standard in bankruptcy cases is thus bottomed on the unique nature of bankruptcy, in which the court will adjudicate many issues with respect to many parties, all of which relate to each other only in that each could ultimately affect the estate.

■ Nevertheless, even assuming that this more flexible doctrine is appropriate for bankruptcy appeals brought under section 1291,[7] the circumstances of this appeal still do not present an appealable order. The issue addressed by the district court order is not a side issue with application only to a single creditor's or debtor's claim,

---

5. As a corollary, if an appeal is taken from the bankruptcy court to the district court under section 158(a), section 158(d) provides the *only* avenue of appeal from the district court to this court. Otherwise, as we noted in *Teleport*, section 158 would be superfluous. *See Teleport*, 759 F.2d at 1378.

6. In *Mason*, the court applied 28 U.S.C. § 1293 (repealed), which governed this court's jurisdiction in bankruptcy cases during the transition period of the 1978 Act. 1978 Act § 405(c)(2); *Mason*, 709 F.2d at 1315, 1315 n. 1.

7. Different courts have used different approaches in evaluating the finality of bankruptcy orders under 28 U.S.C. § 1291. Some take into account directly the unique nature of bankruptcy proceedings, whereas others apply traditional finality principles to bankruptcy orders but read the exceptions more liberally. *In re Mason*, 709 F.2d at 1316–17 (collecting cases); *see also In re Amatex*, 755 F.2d at 1039–41 (taking functional, pragmatic approach to finality).

as with the sale of a specific piece of property or the resolution of a particular tort claim. The district court's order here resolves a central issue for *all* the parties, the constitutionality of the authority of the bankruptcy judge who will adjudicate all the claims. It does not even touch the merits of any individual claim. Even under the most generous bankruptcy finality standard, this order is not final and thus not appealable pursuant to section 1291.

■ Under certain circumstances, an order may be appealed under section 1291 notwithstanding a lack of technical finality. Under the "collateral order doctrine," a party may receive immediate review of a nonfinal district court order if the order "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1977) (footnote omitted). The order in the present case, affirming the constitutionality of sections 106 and 121, fails to meet the third requirement. The order is not one that, unless it is reviewed before the proceedings terminate, can never be reviewed at all. *See Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). It remains effectively reviewable on appeal from the final judgment. *In re King Memorial Hospital,* 767 F.2d at 1510.

We conclude that jurisdiction does not exist under 28 U.S.C. § 158 or 28 U.S.C. § 1291 for appeals Nos. 84–2805 and 85–1517. Accordingly, we dismiss the appeals.

## II.

### No. 85–1765

### Interlocutory Order Affirming Constitutionality of 1984 Act

We next examine whether jurisdiction exists in this court over appeal No. 85–1765.

■ This appeal is in substance identical to appeal No. 85–1517, discussed above, in which the United States seeks to appeal the district court's order holding sections 106 and 121 of the 1984 Act constitutional.[8] The United States, concerned that the questionable finality of the district court's order might defeat jurisdiction under 28 U.S.C. § 1291, sought and received from the district court the certification required by 28 U.S.C. § 1292(b). Such certification allows a petition to this court for leave to appeal. Such a petition, however, must be made within ten days of the entry of the order certifying the underlying order for appeal. *Id.;* Fed.R.App.P. 5(a). This ten-day requirement is jurisdictional. *Cole v. Tuttle,* 540 F.2d 206, 207 n. 2 (5th Cir.1976); *Woods v. Baltimore and Ohio Railroad Co.,* 441 F.2d 407, 408 (6th Cir.1971) (per curiam); *see Liberty Mutual Life Insurance Co. v. Wetzel,* 424 U.S. 737, 745, 96 S.Ct. 1202, 1207, 47 L.Ed.2d 435 (1976).

■ In the present case, the order of certification was entered in the district court on February 12, 1985, and the petition to appeal was filed in this court on February 25, 1985. The day of entry is not counted, but all intervening Saturdays, Sundays, and legal holidays are counted when the period for filing is seven days or more. *See* Fed.R.App.P. 26(a). Under this rule, the petition in this appeal was required to be filed in this court on or before February 22, 1985.[9] Although the govern-

---

**8.** Because this appeal differs from No. 85–1517 only in the time of filing and the presence of certification, the same reasoning that led us to reject jurisdiction over appeals No. 84–2805 and 85–1517 pursuant to 28 U.S.C. §§ 158(d) and 1291, *see supra,* also prohibits our exercise of jurisdiction over this appeal pursuant to those sections.

**9.** If the final day of the period falls *on* a Saturday, Sunday, or legal holiday, the period is extended to the next day that is not a Saturday,

Sunday, or legal holiday. February 22 is the actual date of Washington's birthday, and "Washington's Birthday" is a legal holiday for the federal courts. *See* Fed.R.App.P. 26(a). This would seem to bump the deadline over the holiday weekend to the following Monday, February 25, making the government's petition timely.

The 1971 advisory note to Fed.R.App.P. 26, however, makes clear that the holiday it refers to as "Washington's Birthday" is the date of

ment states in its brief that the petition was filed on February 21, this is apparently the date of service on the other parties. Both the docket sheet in this court and the original of the petition for leave to appeal clearly show that the petition was filed in this court on February 25, 1985. The petition was therefore untimely.

Accordingly, permission to appeal pursuant to 28 U.S.C. § 1292(b) was improvidently granted, and we dismiss appeal No. 85–1765.

## III.

### No. 85–1530

### Order Denying Intervention

The bankruptcy judges contend that the district court erroneously denied them leave to intervene of right pursuant to Fed. R.Civ.P. 24(a) or, alternatively, by permission pursuant to Fed.R.Civ.P. 24(b).

### A. Jurisdiction

Once again we must examine the basis for our own jurisdiction. We have consistently held that orders denying intervention of right are appealable pursuant to 28 U.S.C. § 1291. See, e.g., West Winds, Inc. v. M.V. Resolute, 720 F.2d 1097, 1099 (9th Cir.1983), cert. denied, 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984); County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir.1980). On the other hand, we have held that orders denying permissive intervention are either not appealable, Blake v. Pallan, 554 F.2d 947, 951 n. 5 (9th Cir. 1977), or appealable only if the district court has abused its discretion. May v. Commissioner, 553 F.2d 1207, 1208 (9th Cir.1977); Van Hoomissen v. Xerox Corp., 497 F.2d 180, 181 (9th Cir.1974).

This distinction has been criticized. One commentator has stated that, although the rule might have been reasonable when parties could intervene of right only when they lacked an alternative remedy, it is no longer justifiable now that parties may intervene of right even when they have alternative remedies. 3B J. Moore & J. Kennedy, Moore's Federal Practice, ¶ 24.15 at 24–166 to –168 (2d ed. 1985). Several commentators have argued that all denials of intervention, whether of right or permissive, should be appealable pursuant to 28 U.S.C. § 1291, but that courts should reverse denials of permissive intervention only when the district courts have abused their discretion. See id.; 7A C. Wright & A. Miller, Federal Practice and Procedure, § 1923 at 627 (1972).[10] Indeed, it seems anomalous to determine jurisdiction over an appeal from denial of permissive intervention by examining whether the lower court has abused its discretion, the very issue raised by the merits of the appeal. See, e.g., Chen Chi Wang v. United States, 757 F.2d 1000, 1004 (9th Cir.1985).

Nevertheless, although we have acknowledged that the emerging trend is to treat all denials of intervention as final appealable orders but to reverse denials of permissive intervention only for abuse of discretion, we have not applied this rule. Blake v. Pallan, 554 F.2d 947, 951 n. 5 (9th Cir.1977). Because the heart of this case, the substance of the other three appeals, is not before us because of jurisdictional defects, we do not consider this the proper case in which to question the long-established practice in this circuit, which allows appeal of a denial of permissive intervention if the trial court has abused its discretion.

Therefore, our jurisdiction to review the denial of the bankruptcy court judges' motion to intervene as of right is clear. Our jurisdiction to review the denial of their motion for permissive intervention exists as a practical matter because a consideration of the jurisdictional issue neces-

observance, the third Monday of February, not the actual date of Washington's birth.

10. At least one circuit has adopted this rule. See Securities and Exchange Commission v. Everest Management Corp., 475 F.2d 1236, 1238 n. 2 (2d Cir.1972). The Third Circuit has held that a party may appeal an order denying both intervention of right and permissive intervention, but not an order denying only permissive intervention. See McClune v. Shamah, 593 F.2d 482, 485 (3d Cir.1979).

sarily involves a consideration of the merits—whether an abuse of discretion occurred.

### B. Intervention of Right.

 The bankruptcy judges contend that the district court erroneously denied them leave to intervene of right pursuant to Fed.R.Civ.P. 24(a). Whether an applicant may intervene as a matter of right is logically a question of law. *See* 7A C. Wright & A. Miller, *Federal Practice and Procedure,* § 1902 at 466. Although this court has never articulated a standard for review of orders denying intervention of right, it has in practice reviewed such orders *de novo. See Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 527–29 (9th Cir.1983) (conducting *de novo* review of denial of intervention); *Washington State Building and Construction Trades Council v. Spellman,* 684 F.2d 627, 629–30 (9th Cir.1982) (same) *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *Idaho v. Freeman,* 625 F.2d 886, 887 (9th Cir.1980) (same). We follow that practice here.

Absent a statute that confers an unconditional right to intervene, a party seeking to intervene of right must have an interest in the subject of the litigation. Fed.R.Civ.P. 24(a). In addition, the disposition of the litigation must be capable of affecting that interest. *Id.* Finally, the party's interest must not be adequately represented by the existing parties. *Id.* Courts generally construe Rule 24 liberally in favor of potential intervenors. *Spellman,* 684 F.2d at 630.

The bankruptcy judges meet the first requirement, that they have an interest in the subject of the litigation. By virtue of their employment, the bankruptcy judges have an interest in the constitutionality of sections 106 and 121, which is the sole subject of this aspect of the litigation.

 They fail, however, to meet the second requirement, that the outcome of the lawsuit be capable of affecting their interest.[11] The bankruptcy judges here do not hold office in this circuit. Thus, even if we held that sections 106 and 121 are unconstitutional, the bankruptcy judges would be unaffected by our conclusion unless their respective circuits adopted our decision or the Supreme Court accepted certiorari and decided the issue. This possibility that our decision could affect their interests is too tenuous to entitle them to intervene of right. *Cf. Idaho v. Freeman,* 625 F.2d at 887 (National Organization for Women had interest in Equal Rights Amendment that would be affected by outcome of suit challenging constitutional amendment ratification procedures). The district court therefore properly denied their motion to intervene as a matter of right.[12]

### C. Permissive Intervention.

The bankruptcy judges also contend that the district court erroneously denied them leave to intervene by permission pursuant to Fed.R.Civ.P. 24(b). Although this court has confused its standard of review for orders denying permissive intervention with appellate jurisdiction, *see supra* p. 15–17, it has consistently held that it may

---

**11.** Whether the House and Senate meet this requirement is not before us on appeal.

**12.** Moreover, the bankruptcy judges interests were adequately protected. In determining whether adequate protection exists, courts should consider whether the existing parties will "undoubtedly make all of the intervenor's arguments" and are "capable of and willing to make such arguments," and whether the intervenor "offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v. Watts,* 713 F.2d 525, 528 (9th Cir.1983).

The trustee, the House, and the Senate have the same motivation as the bankruptcy judges to make all possible arguments in support of the constitutionality of sections 106 and 121. The bankruptcy judges could hardly assert that the trustee, the House, and the Senate are incapable of making those arguments. Further, we are unpersuaded that the reason for the bankruptcy judges' interest in the statute, the possible effect on their jobs, would offer "a necessary element to the proceedings that would be neglected." *Cf. Sagebrush Rebellion,* 713 F.2d at 528 (intervenors offered materially different perspective than existing defendant, who was formerly closely associated with the plaintiff).

reverse an order denying permissive intervention only if the district court has abused its discretion. *See, e.g., Chen Chi Wang,* 757 F.2d at 1004. District courts have discretion to permit an entity to intervene if the entity raises a claim that has a legal or factual issue or issues in common with the underlying action. Fed.R.Civ.P. 24(b). In exercising their discretion, courts must consider whether intervention will unduly delay or prejudice the existing parties. *Id.*

Although the bankruptcy judges' claim that sections 106 and 121 are unconstitutional is the very issue that was before the district court in this phase of the litigation, the court did not abuse its discretion in denying intervention to a group seeking to argue that issue. The bankruptcy judges' interest in the constitutionality of those sections is hardly unique, and their position was unusually well represented. Moreover, their presence as parties could have cast an air of partiality on the district court. If the district court had allowed the bankruptcy judges to intervene, it would have been required to adjudicate the rights of fellow officers of the judicial branch in a dispute that involved the executive and legislative branches. Under such circumstances, the district court could reasonably have concluded that the bankruptcy judges should not be included as parties. Thus, the court did not abuse its discretion.[13]

## CONCLUSION

The appeals in cases Nos. 84–2805, 85–1517, and 85–1530 are DISMISSED for lack of jurisdiction. The appeal in case No. 85–1765 is DISMISSED as improvidently granted under 28 U.S.C. § 1292(b).[14] We AFFIRM the order denying the bankruptcy judges' motion to intervene in appeal No. 85–1530.

---

**13.** Even if the district court had abused its discretion in this case in denying intervention to the bankruptcy judges, the judges would not be entitled to any relief from this court. Because their position on the merits prevailed below, even in their absence as parties, they do not seek a remand of the case. Moreover, we need not remand for an improper denial of intervention if the prospective intervenor was allowed to present its arguments on the merits. *See Spellman,* 684 F.2d at 630. The district court here allowed the bankruptcy judges to file briefs and to participate in the hearing on the merits. The court stated at the hearing that it had considered all of the briefs that had been filed. Finally, because the trustee, the House, and the Senate made the same arguments as the bankruptcy judges, the outcome of the case probably would not have been different if the district court had permitted the bankruptcy judges to intervene.

**14.** The dismissal of this appeal (No. 85–1765) is without prejudice to any party's ability to seek review by filing a timely petition if the district court deems it appropriate, in the circumstances, to recertify its order. *See Aparcio v. Swan Lake,* 643 F.2d 1109, 1110–13 (5th Cir.1981).

We will hold the briefs filed by the parties on the constitutional issue. If a proper appeal of this case is filed, the clerk of court is instructed to refer that appeal to this panel for disposition.