**In re DE LAURENTIIS ENTERTAINMENT GROUP, INC. et al., Debtor.**

**COMFINANCE, S.A., Appellant,**

v.

**OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS OF DE LAURENTIIS ENTERTAINMENT GROUP, INC., Appellees.**

**No. CV 89–6443 TJH.**

United States District Court, C.D. California.

May 21, 1990.

Frank C. Christl and Martin L. Smith, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellant, Comfinance, S.A.

Richard T. Peters and Bruce A. Markell, Sidley & Austin, Los Angeles, Cal., for appellee, Official Committee of Creditors Holding Unsecured Claims of De Laurentiis Entertainment Group.

## OPINION AND ORDER

HATTER, District Judge.

The Bankruptcy Court, in its August 24, 1989 order ["Order"], determined Comfinance's offer ["Offer"] to purchase assets of the De Laurentiis Entertainment Group, Inc. ["DEG"] to be a competing offer. The Bankruptcy Court also ordered Comfinance to deliver $35 million, in trust, to the Official Committee of Creditors Holding Unsecured Claims of De Laurentiis Entertainment Group, Inc. ["OCC"] pending further order of the Bankruptcy Court; amended Comfinance's Acquisition Agreement; and made the Order effective *nunc pro tunc*. Comfinance appeals the Order and seeks a determination by this Court that the Offer was properly withdrawn prior to any valid acceptance. However, this Court lacks jurisdiction to consider the merits of this appeal.

## DISCUSSION

This Court has jurisdiction to hear appeals from final orders of bankruptcy courts. 28 U.S.C. § 158(a). The Ninth Circuit has adopted a pragmatic approach which this Court must follow to determine whether a bankruptcy court's order is final, recognizing that "certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right." *Mason v. Integrity Insurance Co. (In re Mason)*, 709 F.2d 1313, 1317 (9th Cir.1983). Those orders that " ' "may determine and seriously affect substantive rights" and "cause irreparable harm to the losing party if he had to wait to the end of the bankruptcy case" ' are immediately appealable." *Teleport Oil Co., Inc. v. Security Pacific Nat'l Bank (In re Teleport Oil Co.)*, 759 F.2d 1376, 1377, *quoting White v. White (In re White)*, 727 F.2d 884, 885 (9th Cir.1984). In addition, *Teleport* held that, to be ap-

pealable, an order "must conclusively determine" a controversy. 759 F.2d at 1377.

First, the Order does not conclusively determine any aspect of the Comfinance–OCC dispute. Moreover, it does not determine or affect a substantive right of Comfinance or DEG's estate. The Order merely requires Comfinance to place $35 million in trust pending further order of the Bankruptcy Court.

Second, the facts before this Court do not show that the Order will cause Comfinance irreparable harm. While Comfinance contends, in its Reply Brief, that it is "self evident that a forced transfer of such magnitude ... would 'seriously affect substantive rights' of Comfinance and 'cause irreparable harm' to Comfinance's business interests," such contentions, unsupported by facts, are insufficient to convince this Court that such harm will result.

Thus, this Court lacks jurisdiction to consider the merits of this appeal.

It is ordered that this case be, and hereby is, remanded to the Bankruptcy Court for further proceedings.