139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Rick LONGET, Debtor,
Rick Longet, Plaintiff-Appellant,
v.
Peter Most; Jordan Hecker; Hecker & Feilberg; Jan Longet,
Defendants-Appellees.
Rick Longet, Plaintiff-Appellee,
v.
Peter Most; Jan Longet, Defendants,
and
Jordan Hecker; Hecker & Feilberg, Defendants-Appellants.
 Nos. 96-35908, 96-35964.
 United States Court of Appeals, Ninth Circuit.
 Feb. 18, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Thomas S. Zilly, District Judge, Presiding.
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The case is not moot under Lewis v. Continental Bank Corp., 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). The reason is that in that case, attorney's fees under 42 U.S.C. § 1988 were not part of "the merits of the underlying claim," id. at 480 (citation omitted), but in this case, the attorney's fees at issue are the damages claimed as an element of the underlying claim, as opposed to as a collateral part of the remedy like costs.
 
 
 3
 Mr. Hecker and Hecker & Feilberg cross-appeal, arguing that Mr. Longet's appeal to the district court was untimely. It was not, because, as the district court concluded, there was no Rule 54(b) certification. See In the Matter of King City Transit Mix, 738 F.2d 1065, 1066 (9th Cir.1984). Bankruptcy Rule 7054 states that "Rule 54(a)-(c) FR CivP applies in adversary proceedings." Final judgment was rendered by the bankruptcy court when it voided the sale of the apartments on December 8, 1995. Mr. Longet filed his Notice of Appeal on December 18, 1995, within 10 days of the bankruptcy court's voiding of the sale. Thus, his appeal is timely. Bankr.Rule 8002(a). Slimick v. Silva (In re Slimick), 928 F.2d 304 (9th Cir.1990), relied on by Mr. Hecker and his firm, was not an adversary proceeding, so Federal Rule of Civil Procedure 54 did not apply.
 
 
 4
 In deciding the merits of Mr. Longet's appeal, we assume for purposes of discussion, without deciding, two things. First, that Mr. Hecker and his law firm breached a fiduciary duty to Mr. Longet. The theory would be that as trustee under the Deed of Trust, Mr. Hecker had a duty to be impartial as between trustor and beneficiary, a duty which could not be performed while he simultaneously had a duty to zealously advance the interests of Mrs. Longet in the divorce case. Second, that Mr. Hecker breached his fiduciary duty of care, by erring in the description of the property in the papers used to accomplish the trustee's sale and by failing to provide proper notice of the trustee's sale. Nevertheless, the district court properly granted summary judgment against Mr. Longet, because Mr. Longet submitted no cognizable evidence of damages.
 
 
 5
 In the bankruptcy court's September 8, 1995 order granting partial summary judgment, the bankruptcy judge concluded that Mr. Longet's remaining claim against Mr. Hecker and Hecker & Feilberg was "for breach of fiduciary duty." Shortly thereafter, the Hecker defendants moved for summary judgment on that claim "because plaintiff ... failed to allege facts showing damages caused by this alleged breach of fiduciary duty." Because Mr. Longet had the burden of proof on damages, it was incumbent upon him, in response, to submit cognizable evidence of the damages now put at issue on appeal--whatever attorney's fees he had been compelled to expend on account of Mr. Hecker's putative breach of fiduciary duty. Fed.R.Civ .P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."). Mr. Longet's opposition does not provide an affidavit, or any other evidence, establishing that attorney's fees had been incurred, and their amount, on account of a breach of fiduciary duty.
 
 
 6
 AFFIRMED.
 
 
 7
 I agree that Longet failed to show that attorney's fees had been incurred, but for that reason I believe the case is moot. Longet got all the relief that he asked for and to which he was entitled when his equity in the Chesterfield apartments was restored from Most; Longet's former wife quitclaimed her interest to him; the court ordered Most to account for proceeds during his tenure (less management fees); and Longet produced no evidence of attorney's fees recoverable as an element of damages on his claim for breach of fiduciary duty. As nothing else is required to make Longet whole, and no other substantive relief is available, the appeal is moot.
 
 
 8
 RYMER, Circuit Judge, concurring.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3