*768 MEMORANDUM **
Appellant Shari Thomas challenges the district court’s dismissal of her complaint with leave to amend under Federal Rule of Civil Procedure 12(b)(6). We dismiss the appeal for lack of subject matter jurisdiction.
We review a Rule 12(b)(6) dismissal de novo, essentially looking through the district court’s findings to the underlying decision of the bankruptcy court. In re Pomona Valley Medical Group, Inc., 476 F.3d 665, 669 (9th Cir.2007); In re Zimmer, 313 F.3d 1220, 1222 (9th Cir.2002).
Under 28 U.S.C. § 158(d), we have jurisdiction of appeals from “all final decisions, judgments, orders, and decrees” entered under 28 U.S.C. § 158(a), which confers jurisdiction on the district court to hear appeals “from final judgments, orders, and decrees” of the bankruptcy court. Because of the uniqueness of bankruptcy proceedings, there exists a more flexible, “pragmatic” approach to determining what constitutes a “final,” appealable order in bankruptcy cases. In re Mason, 709 F.2d 1313, 1317, 1318 (9th Cir.1983) (recognizing that “proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right.”). That flexible approach does not apply where the order is a Rule 12(b)(6) dismissal with leave to amend, because such an order is not unique to bankruptcy proceedings. Compare In re King City Transit Mix, 738 F.2d 1065, 1066 (9th Cir.1984) (holding that a bankruptcy court’s order dismissing one claim in a four-count complaint was not a final, appealable order because such a dismissal was not unique to bankruptcy proceedings and thus did not justify departure from general final order jurisprudence), with Preblich v. Battley, 181 F.3d 1048, 1055 (9th Cir.1999) (holding that an order denying a particular debtor’s claim to exemption is a final, appealable order for purposes of § 158(a)).
This case is controlled by the general rule that a Rule 12(b)(6) dismissal that grants leave to amend is not a final, appealable order without a Rule 54(b) judgment from the lower court. WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). The bankruptcy court dismissed Thomas’s complaint, but granted her leave to amend to allege claims without relying on certain factual allegations previously litigated in a related bankruptcy proceeding. Thomas opted not to amend her complaint and instead filed this appeal.
At oral argument, we deferred submission of this matter for ten days to afford Thomas the opportunity to return to the bankruptcy court to either seek a final judgment pursuant to Rule 54(b) or seek permission to file an amended complaint before the bankruptcy court. Thomas did neither, instead, submitting a letter asking the court to remand the matter to the bankruptcy court with instructions to permit Thomas to amend her complaint.
Because there is no final, appealable order, we lack subject matter jurisdiction to hear the appeal. Id. Whether Thomas will be permitted to amend her complaint at this stage of the proceedings is a matter for the bankruptcy court, not for us, to determine.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.