**DEUTSCHE FINANCIAL SERVICES CORPORATION, Plaintiff,**

v.

**SCHWARTZ HOMES, INC., Defendant.**

**No. 5:99–CV–1077.**

United States District Court,
N.D. Ohio,
Eastern Division.

May 27, 1999.

Lee D. Powar, Jean R. Robertson, Thomas Andrew Cunniff, Hahn, Loeser & Parks, Cleveland, OH, for Deutsche Financial Services Corporation, plaintiff.

David E. Butz, Edward Donald Murray, Krugliak, Wilkins, Griffiths & Dougherty, Canton, OH, David K. Schaffner, Thomas W. Hardin, Hardin & Schaffner, New Philadelphia, OH, for defendants.

John J. Guy, Akron, OH, pro se.

## OPINION AND ORDER

GWIN, District Judge.

This case involves a creditor dispute over the business assets and winding-up of Defendant Schwartz Homes, Inc. Defendant Schwartz Homes is an Ohio corporation that sells manufactured homes. Plaintiff Deutsche Financial Services Corporation is a

Nevada corporation, and is one of two floor planners for Defendant Schwartz Homes' inventory.

Before the Court are motions by Belmont National Bank and several individual consumers/home buyers (collectively, the "Intervenors") to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2) [Docs. 5, 11].[1] The Intervenors claim a legal interest in the property that is the subject of Plaintiff Deutsche Financial's federal court action.

With their motions, the Intervenors also seek to dismiss or stay this case, and for the Court to reconsider its May 7, 1999 order [Docs. 7, 11]. The movants say the Court should dismiss or stay the case because a parallel state action is pending before Judge Elizabeth Lehigh Thomakos in the Tuscarawas County Court of Common Pleas.[2] The movants suggest that resolving the state case will decide the rights and priorities of all parties claiming an interest in Schwartz Homes, Inc.'s assets.

Having considered these motions, the Court grants the Intervenors' motions to intervene as of right. Also, because the state court proceedings involve the same issues and parties, this Court abstains from exercising jurisdiction over this case. Accordingly, the Court dismisses this action without prejudice and defers jurisdiction to the Tuscarawas County Court of Common Pleas.

## I. Background

On April 28, 1999, Green Tree Financial Servicing Corporation filed a complaint against Defendants Schwartz Homes, Inc., Schwartz Homes Sales, Inc. and Steven Schwartz in the Tuscarawas County Court of Common Pleas. With its complaint, Green Tree Financial filed a motion to appoint a receiver. On May 7, 1999, Judge Lehigh Thomakos conducted a hearing on the motion and entered judgment appointing a receiver.

On April 30, 1999, and thereafter on May 7, 1999, Judge Thomakos permitted numerous homeowners and Belmont National Bank, respectively, to intervene in the state case. These parties, with the Schwartz defendants, Green Tree Financial and Deutsche Financial, entered appearances in the court's receivership proceedings. Judge Thomakos found personal jurisdiction over these parties. Deutsche Financial has since filed a motion to intervene in the state case.

On May 6, 1999, the eve of the receivership hearing, Deutsche Financial filed a complaint for replevin with this Court. Deutsche also filed a motion to take possession of certain property including manufactured homes, retail installment sales contracts, and other related chattel paper and certificates [Docs. 1, 2]. On May 7, 1999, the Court granted Deutsche's motion for immediate possession [Doc. 4].[3] Although Deutsche Financial alerted this Court of the pending receivership hearing, Deutsche did not discuss the extent or number of competing interests involved. The parties have since disclosed the scope and progress of the state court action.

With this background, the Court considers the motions to intervene and to stay or dismiss this case.

## II. Intervention

In their motions to intervene as of right, the Intervenors suggest they have a direct interest in the property that is the subject of Deutsche Financial's complaint for replevin. The Intervenors say they are situated such that disposition of this case may impair or impede their ability to protect their legal interests in the property.

Deutsche Financial disagrees. Instead, it argues the Intervenors do not hold any legal interest that directly conflicts with

---

1. In addition to Belmont National Bank, other intervening parties include Jim and Linda Weaver, Ronald and Debra Nicely, Terry and Anne McQuillan, Walter and Carol Myers, Mark and Christina Cyrus, Ryan and Jennifer Cooper, and Jeanette Larocca.

2. *See Green Tree Fin. Serv. Corp., et al. v. Schwartz Homes, Inc., et al.,* Case. No. 1999 CV 04–0170 (Tusc.Ct.C.P.), filed April 28, 1999.

3. In its order, the Court required Deutsche Financial to post a replevin bond in the amount of $7 million dollars, twice the value of the underlying collateral. On May 7, 1999, Deutsche Financial executed a bond with Seaboard Surety Company and filed it with the Court.

Deutsche's perfected security interest in certain homes and related chattel paper. Deutsche also argues that to allow the movants to intervene would destroy diversity of citizenship. The Court disagrees.

First, it is well established that diversity of citizenship "is determined at the outset of a lawsuit," and changes after filing the complaint ordinarily do not destroy jurisdiction. *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 672 (6th Cir.1988) (citing *Smith v. Sperling*, 354 U.S. 91, 93, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957)). Courts have applied this rule to intervention under Fed.R.Civ.P. 24(a)(2). If a non-diverse party enters a case by intervention as of right, his presence will not destroy jurisdiction unless the intervenor was an indispensable party when the plaintiff filed the complaint.[4] *Id.; see also American Nat'l Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 582 (7th Cir.1984), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985).[5]

Applying this rule, the Court finds that diversity jurisdiction existed when the case was first filed. Plaintiff Deutsche Financial is a Nevada corporation with its principal place of business in St. Louis, Missouri. Defendant Schwartz Homes, Inc. is an Ohio corporation with its principal place of business in New Philadelphia, Ohio. These parties are diverse. Although the Intervenors (Belmont National Bank and the consumers) are either residents or incorporated in Ohio, their intervention will not destroy diversity. Neither Plaintiff Deutsche Financial nor Defendant Schwartz Homes has moved to join the Intervenors as indispensable parties. *Dean*, 860 F.2d at 672.

Further, even if the Court found the movants to be indispensable parties, the proper alignment of the Intervenors' legal interests in this case would not destroy diversity jurisdiction. *See Development Finance Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160–61 (3rd Cir.1995) (realigning parties where 28 U.S.C. § 1367 would defeat diversity jurisdiction). Here, Belmont National Bank intervenes as a party-defendant diverse from Plaintiff Deutsche Financial. Although the intervening consumers do not state whether they intervene as plaintiffs or defendants, the record shows the consumers' interests closely related to the issues in suit. These interests are adverse to Deutsche Financial's interests. Where an intervenor's interests closely relate to the pending suit, a court may properly invoke ancillary jurisdiction. *Id.* Under these circumstances, courts will allow a party to intervene if he otherwise meets the requirements of Fed.R.Civ.P. 24(a)(2). Therefore, we turn to this issue.

Here, Belmont National Bank and the intervening consumers seek to intervene as of right under Fed.R.Civ.P. 24(a)(2). Rule 24(a) states in part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the *applicant claims an interest relating to the property or transaction which is the subject of the action* and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(1) and (2) (emphasis added). Applying the rule here favors intervention.

An applicant for intervention under Rule 24(a)(2) must show (1) they have filed a

---

4. The same rule does not apply in instances of permissive intervention. See general discussion of interplay between intervention and diversity jurisdiction at 7A Wright, Miller & Kane, Federal Practice & Procedure, § 1917 at 457–84 (2d ed.1986).

5. In *Bailey*, Judge Posner wrote:
   Like every interesting legal principle, the rule that there must be complete diversity to sustain diversity jurisdiction is not absolute. A perti-

nent exception is that if the nondiverse party comes into the case by intervening in it, his presence will not deprive the court of jurisdiction unless the intervenor was an indispensable party when the complaint was filed.... in which event the plaintiff should have joined him at the outset, and if he had done so the court would have known that complete diversity was lacking.
750 F.2d at 582 (internal citations omitted).

timely motion to intervene, (2) they have a substantial legal interest in pending litigation, (3) their ability to protect their interest is impaired, and (4) the parties in the case do not adequately represent that interest. *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395–96 (6th Cir.1993); *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989) (citation omitted).

■ Here, the first element above is met. The parties do not contest that Plaintiff Deutsche Financial filed its complaint on May 6, 1999, and the motions to intervene followed on May 7, 1999.

The Intervenors also satisfy the second element of the test for intervention. Here, the Intervenors claim a substantial legal interest in some property at issue. For instance, Belmont National Bank says it provided financing to certain purchasers to buy modular trailers. Belmont says that Deutsche has not yet paid for some of these trailers and that Deutsche may have lost its security interest when Schwartz Homes sold some of the trailers in the ordinary course of business.

The intervening consumers make similar claims. The intervening consumers claim legal interests arising from home purchase contracts with Defendants Schwartz Homes, Inc., Schwartz Homes Sales, Inc. or Steven Schwartz. Also, the consumers say they either have titled or financed their purchases through Belmont National Bank, Deutsche Financial, or Green Tree Financial Servicing Corporation. Although Deutsche Financial argues the Intervenors' fail to give factual support for their claims, the Court finds that Belmont and the consumers sufficiently state legal claims to warrant intervention. This conclusion is consistent with Sixth Circuit law.

The Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention as of right." *Michigan State AFL—CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir.1991)). The Sixth Circuit has recognized that "an intervenor need not have the same standing" as is necessary to initiate a lawsuit. *Id.* (citing *Purnell* for "rejecting the notion that Rule 24(a)(2) requires a specific or equitable interest.").

Considering this view, the Court is not inclined to require the Intervenors to prove the viability of their claims at this stage. As later discussed, this task is better left to the state court.[6]

■ The movants next satisfy the third and fourth requirements for intervention. Belmont and the intervening consumers show their claims to the property may be impaired if not permitted to intervene. To satisfy the "impairment" element of the intervention test, a movant must show impairment "is possible if intervention is denied." *Miller*, 103 F.3d at 1247. Courts view impairment in "practical terms rather than legal terms." *Horrigan v. Thompson*, No. 96–4138, 1998 WL 246008, at *3 (6th Cir.1998) (per curiam). Courts generally allow intervention if a party *might be* "practically disadvantaged by the disposition of the action." *Id.* (citing 7C Wright, Miller & Kane, Federal Practice and Procedure § 1908 at 310 (2d ed.1986)) (emphasis added).

Here, the movants make this showing. If not permitted to intervene, the movants may be denied their right to defend their interest should Deutsche Financial attempt to dispose of the property. Both Belmont and the intervening consumers sufficiently show their interests may be diminished or practically disadvantaged if not permitted to intervene. Furthermore, should this case proceed without the Intervenors, the possibility of inconsistent results in the federal and state courts increases. Conflicting results will defeat any benefit gained from proceeding in either forum. Judicial economy and consistency favors intervention.

---

6. The intervening homeowners also are suing Defendants Schwartz Home, Inc., Schwartz Homes Sales, Inc., Steven Schwartz, Belmont National Bank, and Deutsche Financial Services in state court. In the state court case, the homeowners make claim for breach of contract, specific performance or replevin, fraud, violation of the Consumer Sales Practices Act, violation of the Ohio Corrupt Activity Act, declaratory judgment, and piercing the corporate veil.

■ Lastly, the movants must show that the parties before the Court will not adequately represent the movant's interests. The burden for this showing is "'minimal.'" *Horrigan,* 1998 WL 246008 at *3 (quoting *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). It is sufficient for the movant to show that another's representation *may* be inadequate—the movant need not show that representation will in fact be inadequate. *Miller,* 103 F.3d at 1247. For instance, it is enough that the movant shows a party already in the case may make different arguments or pursue different trial tactics. *Id.*

Here, Judge Thomakos held a hearing to appoint a receiver in the state action. The movants appeared and participated in that hearing, as did Deutsche Financial and Green Tree Financial Services. Notably, this hearing came one day after Deutsche Financial filed for and received an order of possession in this Court. That Deutsche Financial sought a separate order for possession in this Court, outside the scope of the state proceedings, shows that Deutsche may not suitably represent the movants' interests here. Also, because priority of the claims is at issue, it is likely that other creditors or the Schwartz defendants will not adequately represent the movants' competing claims to the property. Under these circumstances, the Court finds that the Intervenors satisfy the inadequate representation element under Rule 24(a)(2).[7]

After considering the facts, with the arguments of counsel, the Court grants the Intervenors' motions to intervene as of right pursuant to Rule 24(a)(2). Having decided this, the Court next considers the motions to stay or dismiss this case.

### III. Stay or Dismissal

■ With their motions to intervene, the Intervenors ask the Court to dismiss the federal case or, alternatively, stay these proceedings pending resolution of the state case. The Intervenors ask the Court to abstain from exercising jurisdiction over Deutsche Financial's complaint.

The Sixth Circuit Court of Appeals recently discussed the abstention doctrine. In *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir.1998), the court explained how to apply the doctrine as construed by the Supreme Court in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The circuit court outlined the factors to be considered:

> Before the *Colorado River* doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel. . . .
>
> *       *       *       *       *       *
>
> . . . [I]n deciding whether to defer to the concurrent jurisdiction of a state court, a district court must consider such factors as "(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained; . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiffs rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction."

*Romine,* 160 F.3d at 340 (internal citations omitted). These factors require "'a careful balancing of the important factors as they apply in a give [sic] case,' depending on the particular facts at hand." *Id.* (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const.*

---

**7.** Plaintiff Deutsche Financial also argues that the intervening consumers fail to satisfy the pleading requirements for intervention under Rule 24(c). This argument is not persuasive. Although the intervening consumers do not state whether they intend to intervene as plaintiffs or defendants, they did attach to their motion a copy of their state court complaint. Their accompanying memorandum further discusses their claims against Defendants Schwartz, Deutsche Financial and Belmont. These pleadings are sufficient to overcome minor Rule 24(c) defects. *See generally* Wright, Miller & Kane, Federal Practice & Procedure, § 1914 at 408–18 (2d ed. 1986) ("[A] deserving applicant for intervention is not likely to be turned away because of a procedural blunder of no real significance." *Id.* at 415).

*Corp.*, 460 U.S. 1, 15–16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).[8]

Having balanced the above factors with the facts here, the Court concludes that the federal and state cases are sufficiently parallel to warrant abstention.

First, the state court has assumed jurisdiction over the parties and the property. On May 7, 1999, Judge Thomakos appointed a state receiver. The property here includes certain manufactured homes, retail installment contracts, and other related chattel paper and certificates. The homes are located on home sites or storage sites throughout Tuscarawas, Belmont, Wayne, and Ottawa counties in Ohio.[9] The receiver has ordered an inventory of the assets and property.

Also, by order dated April 30, 1999, and by their later appearance at the receivership hearing, the state court asserted personal jurisdiction over the parties. In her order, Judge Lehigh Thomakos state that "through the voluntary appearances of the aforementioned parties in these proceedings, each has consented to the jurisdiction of this Court...." Thomakos Order at 1.[10] Deutsche Financial also has sought to intervene in the state action. Because jurisdiction in this Court is based on diversity rather than on federal question jurisdiction, this Court and the Tuscarawas County Court of Common Pleas have concurrent jurisdiction.

The next factor is whether the federal forum is less convenient to the parties. Although less significant, the Court finds that Tuscarawas County is equally convenient to the parties. Although legal counsel for Deutsche Financial and Green Tree Financial are in Cleveland and Akron, counsel for the Schwartz defendants and the Intervenors are in Columbus, Canton, or Uhrichsville. Any decision on this will require some parties to travel. However, because more parties either reside in Tuscarawas County or do business there, the Court finds Tuscarawas County to be the more convenient forum.

Other factors favor abstention. Here, the Court considers the order in which jurisdiction was obtained and whether abstention will avoid piecemeal litigation. Plaintiff Green Tree Financial filed its complaint in Tuscarawas County on April 28, 1999, one week before Plaintiff Deutsche filed its complaint here. The Intervenors also first filed motions to intervene in state court. Further, should this court proceed while the state case progresses, piecemeal litigation will result. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflict results." *Romine*, 160 F.3d at 341. The Court finds no reason to allow the parties to litigate this case is two courts.

The state court is totally capable of deciding the issues in suit. In fact, state law governs the claims in suit. Generally, "the presence of federal law issues must always be a major consideration weighing against surrender of federal jurisdiction." *Id.* at 342 (quoting *Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. 927). With no federal law issue present here, this consideration is less important. Here, the state court has concurrent jurisdiction over all of the claims and any counterclaims. The state case also appears to be more comprehensive. Further, the state court is readily capable of safeguarding the legal interests of the parties.

Lastly, it appears that the state court action has already progressed further than the federal case. The court has conducted two hearings to discuss the disposition and protection of the *res,* and the court has appointed a receiver. That receiver filed a letter with this Court describing the status of the case and his recommendations to the parties. These recommendations include urging the parties to take a comprehensive inventory of the *res* and to have each identify their collat-

---

**8.** *See also Gottfried v. Medical Planning Servs., Inc.,* 142 F.3d 326, 329 (6th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 592, 142 L.Ed.2d 534 (1998) (decision to abstain under *Colorado River* should include policy considerations of "conserv[ing] judicial ... resources" and "avoid[ing] duplicative litigation.").

**9.** See Plaintiff Deutsche Financial's Motion for Possession at Exhibits B and C.

**10.** The parties appearing included Plaintiff Green Tree Financial Servicing Corp., Defendants Schwartz Homes, Inc. and Steven Schwartz, Belmont National Bank, and Deutsche Financial Services Corp. Thomakos Order at 1.

eral. The receiver also has urged the parties to agree to surrender their collateral to the respective floor planner.

### IV. Conclusion

A review of the record here favors abstention. Accordingly, the Court dismisses this action without prejudice and defers jurisdiction to the Tuscarawas County Court of Common Pleas.

IT IS SO ORDERED.

