**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RICHARD A. CANATELLA,
                              *Plaintiff,*

and

RANDY E. BENDEL,
                    *Intervenor-Appellant,*

v.

STATE OF CALIFORNIA; BOARD OF
GOVERNORS OF THE STATE BAR OF
CALIFORNIA; PRESIDENT OF THE
STATE BAR ASSOCIATION; THE
JUDGES OF THE STATE BAR COURT;
and THE OFFICE OF THE CHIEF
COUNSEL OF THE STATE BAR OF
CALIFORNIA,
                              *Defendants,*

and

RONALD W. STOVITZ; JUDITH A.
EPSTEIN; MADGE S. WATAI;
RICHARD A. HONN; PATRICE E.
MCELROY; ALBAN I. NILES; JOANN
M. REMKE; ROBERT M. TALCOTT;
JAMES E. HERMAN; and MICHAEL
NISPEROS, JR.,
                    *Defendants-Appellees.*

No. 03-15306

D.C. No.
CV-00-01105-MJJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

4123

Submitted October 6, 2004*
San Francisco, California

Filed April 11, 2005

Before: Cynthia Holcomb Hall, Melvin Brunetti, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Brunetti

---

*This panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

## COUNSEL

Randy E. Bendel, Esq., Woodland Hills, California, intervenor-appellant, Pro Se.

Jay M. Goldman, Office of the General Counsel, The State Bar of California, San Francisco, California, for the defendants-appellees.

## OPINION

BRUNETTI, Circuit Judge:

California attorney Randy E. Bendel appeals the denial of his motion to intervene as a plaintiff in a federal action bringing constitutional challenges to California's state bar statutes and disciplinary proceedings. The district court determined that it was required to abstain from exercising jurisdiction as to Bendel under *Younger v. Harris*, 401 U.S. 37 (1971), and denied Bendel's motion to intervene on that basis alone, without reaching the merits of either intervention as of right or

permissive intervention under Federal Rule of Civil Procedure 24(a)(2) and (b)(2). We affirm.

## FACTS AND PROCEEDINGS BELOW

In March 2000, California attorney Richard A. Canatella brought the underlying federal action. *See generally Canatella v. California*, 304 F.3d 843, 848 (9th Cir. 2002) ("*Canatella*") (factual and procedural history). Having been subject to disciplinary action before the State Bar of California, Canatella seeks an injunction against further disciplinary action and challenges several state bar statutes and one professional rule on the grounds that they are unconstitutional on their face and as applied. *Id.* In our *Canatella* opinion, we held that Canatella has standing, that his claims are ripe, and that *Younger* abstention is inappropriate as to Canatella because the state disciplinary proceedings against him are no longer ongoing. *Id.* at 855.

In April 2002, the State Bar of California issued a notice of disciplinary charges against Bendel. In November 2002, after learning of Canatella's action through our *Canatella* opinion and wishing to join his cause, Bendel filed a motion for intervention as of right or, alternatively, for permissive intervention. Fed. R. Civ. P. 24(a) & (b). Like Canatella's complaint, Bendel's proposed complaint-in-intervention seeks a declaration that the state bar statutes are unconstitutional facially, as applied and as administered, and seeks an injunction barring disciplinary proceedings against him.

The district court denied Bendel's motion to intervene. Although both parties thoroughly briefed the merits, the district court made no findings regarding the elements of either intervention as of right or permissive intervention. Instead, the district court solely addressed and found Bendel's proposed

claims barred by the doctrine of *Younger* abstention. Bendel timely appealed.[1]

## DISCUSSION

### I. *Younger* Abstention

We review *de novo* whether abstaining from exercising federal jurisdiction is required under *Younger. Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc), *overruled, in part, on other grounds by Gilbertson v. Albright*, 381 F.3d 965, 976-78 (9th Cir. 2004) (en banc).

#### A. The *Middlesex* Factors

**[1]** "Absent 'extraordinary circumstances', abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 437 (1982)).

##### 1. Ongoing State Judicial Proceedings

**[2]** Bendel raises no dispute as to the first *Middlesex* prong.

---

[1]On February 16, 2005, during the pendency of this appeal, the district court dismissed Canatella's underlying action without leave to amend. Nevertheless, we do not believe that Bendel's appeal has been rendered moot. First, Canatella has kept the underlying action alive by filing a notice of appeal with the district court. Second, "the intervention controversy [is] still alive because, if it were concluded on appeal that the district court had erred in denying the intervention motion, and that the applicant was indeed entitled to intervene in the litigation, then the applicant would have standing to appeal the district court's judgment." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1301 n.1 (9th Cir. 1997) ("*LULAC*").

California's attorney discipline proceedings are "judicial in character" for purposes of *Younger* abstention. *Hirsh*, 67 F.3d at 712. Such proceedings "commenced" when the State Bar of California issued the notice of disciplinary charges against Bendel. *See Canatella*, 304 F.3d at 851. They were still ongoing at the time Bendel filed his motion to intervene and when the district court denied the motion.

## 2.   Important State Interests

**[3]** We have clearly stated that "California's attorney disciplinary proceedings implicate important state interests." *Hirsh*, 67 F.3d at 712. We decline to depart from this general pronouncement based on Bendel's unsupported contention that states have no interest in regulating attorney misconduct occurring in federal court. "States traditionally have exercised extensive control over the professional conduct of attorneys," as each state has "an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex*, 457 U.S. at 434. This extensive control has traditionally included the power to discipline attorneys for misconduct regardless of the jurisdiction in which it occurs. *See* LEGAL ETHICS, LAWYER'S DESKBOOK ON PROF'L RESPONSIBILITY § 56-1.

The States' long-arm regulatory authority over the attorneys they license derives in part from the nature of disciplinary proceedings. They are "neither civil nor criminal, but an investigation in to the conduct of the lawyer-respondent." *Standing Comm. on Discipline v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984). "[T]he question before the court is whether an attorney may continue to practice a profession imbued with the public interest and trust. The court must consider both the fitness of one of its officers and the need to protect the public from an unqualified or unscrupulous practitioner." *Id.* (citations omitted). Because the relevant state interest is an attorney's integrity and continuing fitness to practice, rather than the integrity of the particular courtroom in which misconduct

occurs, the venue is irrelevant to the reach of the state disciplinary authority.

**[4]** Accordingly, we have specifically held that the Supreme Court of California has jurisdiction to discipline members of the State Bar of California who practice even exclusively in federal court or before federal agencies. *Gadda v. Ashcroft*, 377 F.3d 934, 944-46 (9th Cir. 2004) ("*Gadda*"); *accord Geibel v. State Bar of Cal.*, 79 P.2d 1073, 1074 (Cal. 1938) (per curiam); *In re Gadda*, No. 97-O-15010, 2002 WL 31012596, at *1-4, 4 Cal. State Bar Ct. Rptr. 416 (Cal. Bar Ct. 2002), *cited with approval in Gadda*, 377 F.3d at 944 n.6 (construing the California Supreme Court's summary affirmance of *In re Gadda* on *de novo* review as an implicit adoption of its holding). In rejecting the argument that California's regulatory authority is preempted by federal law, we noted that the applicable federal regulations condition federal bar membership on an attorney's good standing as a member of a state bar and thereby invite or at least accommodate overlapping state regulation. *Gadda*, 377 F.3d at 944-46.

Similar federal regulations are applicable here and have the same effect. Each of the four federal district courts in California specifically requires its bar members to be active members in good standing and comply with the standards of professional conduct of the State Bar of California; three of the four expressly adopt California's standards as their own; and all four refer to the American Bar Association's Model Rules of Professional Conduct as providing additional guidance. C.D. Cal. L.R. 83-2.2.1 & 83-3.1.2; E.D. Cal. L.R. 83-180(a) & (e); N.D. Cal. Civ. L.R. 11-1(b) & 11-4(a)(1); S.D. Cal. Civ. L.R. 83.3(c)(1)(a) & 83.4(b). Moreover, the California rules expansively provide that they "govern the activities of members in and outside this state." CALIFORNIA RULES OF PROF'L CONDUCT R. 1-100(D)(1). The ABA rules similarly provide: "A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs." MODEL RULES OF PROF'L CONDUCT

R. 8.5 (2004). None of these standards contains any jurisdictional limitation of the kind advocated by Bendel, and for good reason. Barring the States from disciplining their bar members based on misconduct occurring in federal court would lead to the unacceptable consequence that an attorney could engage in misconduct at will in one federal district without jeopardizing the state-issued license that facilitates the attorney's ability to practice in other federal and state venues.

### 3.    Opportunity to Litigate Federal Claims

**[5]** California's attorney disciplinary proceedings provide Bendel with an adequate opportunity to litigate his federal constitutional claims. *Hirsh*, 67 F.3d at 711-12, 713. It is inconsequential that California's State Bar Court has no jurisdiction to declare a statute unenforceable or unconstitutional or refuse to enforce it on such a basis absent clear precedent. *Id.* at 713. Federal constitutional rights may be asserted in disciplinary proceedings, Cal. Bus. & Prof. Code § 6085(e), and on judicial review of such proceedings. *Hirsh*, 67 F.3d at 713. Although judicial review is wholly discretionary, its mere availability provides the requisite opportunity to litigate. *Id.*

Bendel contends that abstention in this case would impermissibly allow a state tribunal to determine federal statutory claims. Facing a similar issue with regard to a claim for damages under 42 U.S.C. § 1983, this court recently held:

> When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding. . . . But when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying

its hand until such time as the state proceeding is no longer pending.

*Gilbertson*, 381 F.3d at 981. Bendel contends that, under *Gilbertson*, he should be permitted to intervene and federal proceedings should be stayed until the state disciplinary proceedings against him conclude. We disagree.

**[6]** Bendel is not entitled to a stay under *Gilbertson* because, contrary to his assertions, he has made no claim for damages under § 1983 or any other federal statute. In his proposed complaint-in-intervention, Bendel cites § 1983 only in establishing subject-matter jurisdiction, and he requests only declaratory and injunctive relief, attorney fees and costs. In *Gilbertson*, we specifically distinguished damages from declaratory and injunctive relief for purposes of their disposition under *Younger*. We observed that "damages actions are different from actions that seek only declaratory relief in two important respects: The relief is not discretionary, and it may not be available in the state proceeding." *Id.* at 980. Because Bendel seeks declaratory and injunctive relief but not damages, the traditional rules of *Younger* abstention apply. The federal courts must abstain permanently because Bendel is asking only that the federal courts stop the state proceedings. *See id.* at 981. Although permanently abstaining ordinarily requires dismissing an action, in this case it requires denying Bendel's motion to intervene to prevent the filing of his proposed complaint-in-intervention.

## B. Extraordinary Circumstances Exception

**[7]** None of the "extraordinary circumstances" exceptions to *Younger* abstention applies here. With respect to bias, Bendel fails to offer any "actual evidence" to overcome the "presumption of honesty and integrity in those serving as adjudicators." *Hirsh*, 67 F.3d at 713-14 (citations and internal quotation marks omitted); *see also Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). We have also spe-

cifically rejected arguments like Bendel's that the California Supreme Court has an inherent conflict of interest in considering constitutional challenges to state bar disciplinary proceedings. *Hirsh*, 67 F.3d at 713. Bendel's claim that the state bar statutes are patently unconstitutional also does not, by itself, support an extraordinary circumstances exception to *Younger* abstention. *Id.* at 714; *see also Baffert*, 332 F.3d at 621-22.

**[8]** Because each of the three *Middlesex* prongs is satisfied and the extraordinary circumstances exception does not apply, the district court was required to abstain from exercising jurisdiction. *See Green*, 255 F.3d at 1093.

## II.  Intervention as of Right

Bendel challenges the district court's denial of his motion for intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure notwithstanding the applicability of *Younger* abstention. We review *de novo* a district court's denial of a motion to intervene as of right. *LULAC*, 131 F.3d at 1302.

> An applicant seeking intervention as of right must show that: (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Because the district court did not apply this four-factor test but addressed only *Younger* abstention, Bendel does not argue the merits of intervention on appeal. Instead, Bendel contends that the district court erred as a matter of law in denying intervention solely on the basis of *Younger* abstention. Bendel

alternatively contends that our decision in *Canatella v. California*, 304 F.3d 843 (9th Cir. 2002), creates a right of intervention in Canatella's action. We disagree on both counts.

## A. *Younger* **Abstention v. Intervention as of Right**

**[9]** Although the district court did not explicitly acknowledge the issue, its disposition necessarily implies the holding that *Younger* abstention trumps intervention as of right. We are not aware of any authority addressing this issue and therefore consider it as an issue of first impression.

**[10]** We recognize that we generally regard both *Younger* abstention and intervention as of right as mandatory doctrines. District courts applying *Younger* "must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *Green*, 255 F.3d at 1093. Similarly, Rule 24 specifically provides that "anyone *shall* be permitted to intervene in an action" when the required elements are satisfied. Fed. R. Civ. P. 24(a) (emphasis added). Consequently, both issues are subject to *de novo* review. *Green*, 255 F.3d at 1093 (*Younger* abstention); *LULAC*, 131 F.3d at 1302 (intervention as of right).

**[11]** Beneath the surface, however, intervention as of right is relatively more discretionary than *Younger* abstention. That is, while district courts have no discretion as to the ultimate application of either doctrine once they determine that the respective elements are satisfied, they do have more discretion in analyzing the elements of intervention as of right than in analyzing the *Middlesex* factors for purposes of *Younger* abstention. The threshold factor for intervention as of right — timeliness — is discretionary as a doctrinal matter. A decision on timeliness is generally reviewed for an abuse of discretion, it involves equitable considerations, such as prejudice, *LULAC*, 131 F.3d at 1302, and we have described the timeli-

ness factor as "flexible," *Blake v. Pallan*, 554 F.2d 947, 952 (9th Cir. 1977). Moreover, application of the other elements of intervention as of right (e.g., interests of the proposed intervenor in the underlying action) requires a practical and equitable analysis of the underlying facts. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir.), *cert. denied*, 540 U.S. 1017 (2003); *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002); *Blake*, 554 F.2d at 952. By contrast, the elements of *Younger* abstention — ongoing state judicial proceeding, important state interest, and opportunity to raise claims — involve relatively more objective factual elements and more clearly delineated principles of law, as this very case illustrates.

**[12]** More fundamentally, however, *Younger* abstention is essentially a jurisdictional doctrine, whereas intervention is essentially a procedural matter. Although *Younger* neither provides a basis for nor destroys federal jurisdiction, *Younger* does determine when the federal courts must "refrain from exercising jurisdiction." *Gilbertson*, 381 F.3d at 981. Intervention as of right is merely a procedural means for entering an existing federal action. Rule 24 "shall not be construed to extend or limit the jurisdiction of the United States district courts." Fed. R. Civ. P. 82. The procedural mechanism of Rule 24 may facilitate the invocation of ancillary jurisdiction; however, Rule 24 does not itself provide the jurisdictional hook. *See* 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1917 (2d ed. 2004). "Rule 24 . . . states under what circumstances intervention is proper as a matter of procedure but intervention still must be denied, though all the requirements of Rule 24 are met, if the federal court cannot take jurisdiction with regard to the intervenor." *Id.* Because Rule 24 cannot extend federal jurisdiction and *Younger* abstention imposes mandatory limits on the federal courts' ability to exercise jurisdiction, we hold that intervention as of right cannot be used to circumvent *Younger* abstention.

**[13]** The remaining procedural question concerns the proper order of operations: whether the district court should have applied *Younger* only after determining whether to grant or deny intervention. Because we find that Bendel and Canatella's respective interests are not so intertwined that they should be subject to the same considerations under *Younger*, we hold that the district court was not required to consider the merits of intervention before disposing of Bendel's action under *Younger*.

The reverse procedure was followed in *Deutsche Financial Services Corp. v. Schwartz Homes, Inc.*, 187 F.R.D. 542, 547-48 (N.D. Ohio 1999). The court granted a motion for intervention as of right before considering and granting the intervenors' motion to dismiss the federal action on abstention grounds under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Deutsche Financial* is distinguishable from the instant case. In *Deutsche Financial*, the grounds for abstention as to the existing federal action were present before the court granted intervention. All of the existing parties to the federal action and the proposed intervenors were already parties or were already seeking to intervene in a parallel action in state court, and the state court had already assumed jurisdiction over the parties and the property. 187 F.R.D. at 548. The intervenors in the federal action did not create the grounds for abstention by intervening; the intervenors were merely the parties who raised the issue. *Id.* at 547. By contrast, Canatella's action is not independently subject to abstention, *Canatella*, 304 F.3d at 849-52 (considering both *Younger* and the *Rooker-Feldman* doctrine), so there is no need to allow Bendel to intervene to raise or rebut an abstention issue, and the grounds for *Younger* abstention exist as to Bendel regardless of whether or not he is permitted to intervene.

Moreover, Bendel and Canatella must be treated independently for purposes of *Younger* abstention. "While there plainly may be some circumstances in which legally distinct

parties are so closely related that they should all be subject to the *Younger* considerations which govern any one of them, this is not such a case." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928 (1975).

In *Green*, we compared the Court's holdings in *Doran* and *Hicks v. Miranda*, 422 U.S. 332 (1975), regarding the circumstances in which individuals who are parties to federal litigation but not state litigation should be subject to the same *Younger* considerations as legally distinct individuals who are parties to state litigation:

> In *Hicks*, after two of their employees were charged under the state obscenity statute for showing a film and four copies of the film were seized, owners of an adult movie theater sued in federal court for return of their film copies and an injunction against the enforcement of the statute. The Court explained that, under the particular circumstances of that case, *Younger* barred the federal suit: The owners' "interests and those of their employees were intertwined," given the fact that the seized films belonged to the owners but were central to the pending prosecutions. Consequently, "the federal action sought to interfere with the pending state prosecution," and the district court was constrained to abstain for that reason.

*Green*, 255 F.3d at 1099-1100 (quoting *Hicks*, 422 U.S. at 345, 348-49).

> In *Doran*, three bar owners sought an injunction in federal court against the operation of a local ordinance prohibiting topless entertainment in bars. Two had complied with the ordinance, but the third owner had not and was prosecuted in state court. Despite the similarity of the plaintiffs' interests, the Court held that *Younger* did not bar the two plaintiffs who

did not face prosecution from pursuing their cause of action in federal court[.]

*Id.* at 1100 (citing *Doran*, 422 U.S. at 924-25, 928-29). Although the bar owners in *Doran* were "represented by common counsel, and [had] similar business activities and problems, they [were] apparently unrelated in terms of ownership, control, and management." *Doran*, 422 U.S. at 928-29.

**[14]** We find Bendel and Canatella's relationship and congruence of interests to be more like those of the bar owners in *Doran* than the theater owners and their employees in *Hicks*. Both Bendel and Canatella are California attorneys, both bring challenges to some of the same state bar statutes and both seek to enjoin the State Bar of California from instituting further disciplinary proceedings against them. But Bendel is interested in Canatella's action, and vice versa, only to the extent that it may set a legal precedent and thereby collaterally affect the viability of his own federal action and his constitutional objections to his own disciplinary proceedings. *Cf. Blake*, 554 F.3d at 953 (holding that state banking commissioner did not necessarily have a sufficient interest in the interpretation of state securities laws for purposes of intervention as of right). Bendel and Canatella operate independent legal practices, their disciplinary proceedings are not interrelated, and neither has a direct interest in the State Bar of California's ability to initiate disciplinary proceedings against the other. "We thus think that each of the [plaintiffs] should be placed in the position required by our cases as if that [plaintiff] stood alone." *Doran*, 422 U.S. at 929.

**[15]** Accordingly, we see no need to require the district court to consider the merits of Bendel's right to intervene in Canatella's action before abstaining under *Younger*. Even if Bendel were granted intervention first, we would apply the considerations of *Younger* as to Bendel separately from Canatella. Either way, the federal courts must abstain from exercising jurisdiction as to Bendel's claims and must exercise

jurisdiction as to Canatella's claims. We therefore hold that the district court was not required to consider the merits of intervention as of right and properly denied intervention solely on the basis of *Younger* abstention.

## B.    Right to Intervene Pursuant to *Canatella*

Bendel argues that our prior *Canatella* decision, which we are bound to follow, creates a right of intervention for Bendel and all other attorneys subject or potentially subject to disciplinary proceedings before California's State Bar Court. He relies on the following passage:

> It is enough that Canatella shows that he and others in his position face a credible threat of discipline under the challenged statutes, and may consequently forego their expressive rights under the First Amendment. Nor have we reason to doubt that other California attorneys find themselves in Canatella's dilemma. The alleged source of the harms that Canatella and others like him may face is the arguably vague and overbroad language of the challenged provisions under which California lawyers perform their jobs and are subject to discipline.

*Canatella*, 304 F.3d at 854. Essentially, Bendel reasons that pursuant to our holding that the federal courts must exercise jurisdiction over Canatella's constitutional challenges to California disciplinary proceedings, the federal courts must also exercise jurisdiction over Bendel's similar challenges. We disagree.

First, *Canatella* cannot have created a right of intervention because it never considered that issue. We considered only standing, ripeness, and abstention — i.e., whether the federal courts have subject-matter jurisdiction, and whether they must exercise or decline to exercise that jurisdiction. *Id.* at 855. The quoted passage that Bendel relies on appears in a section dis-

cussing only standing. *Id.* at 852-54. It stands only for the proposition that all attorneys facing a credible threat of discipline at the expense of their constitutional rights have standing to bring challenges in federal court. We were not considering either *Younger* abstention or any third-party right of intervention in that section, nor did we ever consider the intersection of those two issues anywhere in our opinion. Our *Canatella* decision therefore has no binding effect on our resolution of those issues in this case.

Second, Bendel misinterprets *Canatella* by failing to appreciate the nature of *Younger* abstention. Application of *Younger* does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance. Rather, *Younger* abstention is a doctrine under which the federal courts have bound themselves pursuant to principles of comity to voluntarily *decline to exercise* jurisdiction that they have and would otherwise exercise. *See Middlesex*, 457 U.S. at 431; *Gilbertson*, 381 F.3d at 970-71, 975. In *Canatella*, we determined that the district court had jurisdiction because Canatella had standing and his claims were ripe and that the district court must exercise that jurisdiction because *Younger* did not apply. *Canatella*, 304 F.3d at 855. The difference here is that *Younger* applies. Thus, *Canatella* may be dispositive in determining that Bendel's claims are ripe, that he has standing, and that therefore the district court has jurisdiction; however, *Younger* still requires abstention from exercising that jurisdiction so long as there are ongoing state judicial proceedings with which Bendel's federal action would interfere.

Third, as we have already determined, Bendel and Canatella must be treated independently for purposes of *Younger* abstention because they are legally distinct parties without a sufficiently close relationship or sufficiently intertwined interests. *See Doran*, 422 U.S. at 928-29; *Green*, 255 F.3d at 1099-1100. The fact that *Younger* does not apply to Canatella's action has no bearing on the applicability of *Younger* to Bendel's action.

**[16]** Moreover, even if Bendel and Canatella's interests were so intertwined that they should be treated similarly for purposes of *Younger* abstention, we would require abstention as to both parties rather than permit the exercise of jurisdiction as to both. We have already held today that intervention cannot be used to circumvent *Younger* abstention. We have also previously recognized that "*Younger* may oust a district court of jurisdiction over a case where the plaintiff is not a party to an ongoing state proceeding [when the plaintiff's] interest is so intertwined with those of the state court party that direct interference with the state court proceeding is inevitable." *Green*, 255 F.3d at 1100. And we are unaware of any case in which a party independently subject to *Younger* abstention has avoided abstention based on having intertwined interests with another party who was not subject to *Younger* abstention. Indeed, allowing Bendel to intervene in order to levy constitutional challenges to and interfere with ongoing state proceedings based on a mere interest in the precedent that might be set in Canatella's action would create an unprecedented exception to the exceedingly important principles of comity underlying *Younger*. *See generally Gilbertson*, 381 F.3d at 970-71, 975.

Thus, aligning himself with Canatella cannot help Bendel avoid *Younger*; if anything, it raises the possibility—albeit one that we need not explore fully—that *Younger* could attach to Canatella through Bendel. *Cf. Doran*, 422 U.S. at 924-25, 928-29 (requiring abstention as to one plaintiff who faced prosecution in state court but not as to two others who did not, even though all three filed suit in federal court to enjoin enforcement of the same local ordinance); *Hicks*, 422 U.S. at 345, 348-49 (requiring abstention as to the owners of an adult theater who sought an injunction in federal court because their interests were "intertwined" with those of their employees who faced prosecution in state court).

## III.   Permissive Intervention

"[C]ourts in this circuit have never squarely held that the denial of a motion to intervene permissively is a 'final deci-

sion' within the meaning of 28 U.S.C. § 1291." *LULAC*, 131 F.3d at 1307. Instead, we allow appeal of the denial of a motion for permissive intervention only if the trial court abused its discretion. *Benny v. England (In re Benny)*, 791 F.2d 712, 720 (9th Cir. 1986). Thus, "[o]ur jurisdiction to review the denial of [Bendel's] motion for permissive intervention exists as a practical matter because a consideration of the jurisdictional issue necessarily involves a consideration of the merits—whether an abuse of discretion occurred." *Id.* at 720-21. We find no abuse of discretion here.

We have already held that *Younger* abstention trumps intervention as of right in these circumstances. *A fortiori*, *Younger* abstention trumps permissive intervention. *Younger* abstention is mandatory, *Green*, 255 F.3d at 1093, whereas permissive intervention under Rule 24(b) is discretionary. "Even if an applicant satisfies [the] threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412.

**[17]** Moreover, *Younger* abstention prevents Bendel from qualifying for permissive intervention on the merits. "Permissive intervention to litigate a claim on the merits under Rule 24(b) requires . . . an independent ground for jurisdiction." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Because *Younger* precludes the exercise of jurisdiction as to Bendel's claims, Bendel cannot satisfy the first of the three prerequisites for permissive intervention. The district court therefore properly denied Bendel's motion for permissive intervention solely on the basis of *Younger* abstention.

**[18]** Having determined that the district court did not abuse its discretion, we must dismiss that portion of Bendel's appeal relating to permissive intervention for lack of jurisdiction. *LULAC*, 131 F.3d at 1308.

## CONCLUSION

The district court correctly determined that it is required to abstain from exercising jurisdiction as to Bendel's proposed complaint-in-intervention, in which he requests only declaratory and injunctive relief. Bendel is independently subject to *Younger* abstention but Canatella is not, and Bendel and Canatella's respective interests are not so intertwined that they should be subject to the same considerations under *Younger*. The district court therefore was not required to consider the merits of intervention before denying Bendel's motion to intervene solely on the basis of *Younger* abstention.

**AFFIRMED IN PART AND DISMISSED IN PART.**