## SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

Janet Goldblatt, Intervenor—Appellant,

v.

**James P. LEWIS, Jr., individually and d/b/a Financial Advisory Consultants, Income Fund, Ltd., and Growth Fund, Ltd., Defendant,**

**Robb Evans, Receiver—Appellee.**

No. 04–56073.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Filed March 9, 2006.

Peter F. Del Greco, Gov., Securities and Exchange Commission, Los Angeles, CA, Jeffrey Spitz, Esq., Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, CA, for Intervenor–Appellant.

Edward W. Cochran, Law Office Of Edward W. Cochran, Shaker Heights, OH, for Defendant.

---

Gary Owen Caris, Esq., Mckenna Lomg & Aldridge LLP, Los Angeles, CA, for Receiver–Appellee.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Janet Goldblatt appeals the district court's denial of her Rule 24 motion for intervention in a civil enforcement action initiated by the Securities and Exchange Commission against James P. Lewis, Jr. for selling unregistered securities in a fraudulent "Ponzi" investment scheme.

1. Goldblatt failed to meet the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). *See United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir.2004). In particular, Goldblatt failed to establish that her interest was inadequately represented by the court-appointed receiver, who pursued a different strategy but shared Goldblatt's objective to maximize recovery to the creditors. *See United States v. City of Los Angeles,* 288 F.3d 391, 402–03 (9th Cir.2002).

2. The district court did not abuse its discretion in denying permissive intervention because Goldblatt failed to show either that independent federal jurisdiction over her claim existed, or that her proposed state court class action suit would not "unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 403. Because there was no abuse of discretion, we do not have jurisdiction to address the merits of any claim for per-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

missive intervention. *See Canatella v. California,* 404 F.3d 1106, 1117 (9th Cir. 2005).

3. Goldblatt's interest in the receivership estate was protected and her due process rights preserved because, as a creditor, she will receive notice of all motions and settlement requests filed by the receiver, and will have an opportunity to participate in all hearings involving the receivership estate. *See Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.,* 205 F.3d 1107, 1113 (9th Cir.2000) (affirming that "for the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard.") (citation and alteration omitted). In addition, under the terms of the distribution plan approved by the district court, Goldblatt could have opted out of the distribution plan and preserved her claims.

**AFFIRMED.**