**Allen BRUMBAUGH, an individual, and on behalf of minor children M.A.B., C.R.A.B.,**

and

**Andrew Roy Morris, an individual, and a class of persons with Specific Learning Disabilities, Plaintiffs–Appellants,**

v.

**CALIFORNIA SUPERIOR COURT, in and for the counties of Amador, et al., Defendants–Appellees.**

No. 06–16714.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 10, 2007.

Allen Brumbaugh, Angels Camp, CA, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*

Allen Brumbaugh and Andrew Roy Morris appeal pro se from the district court's judgment dismissing their action alleging disability discrimination and other state and federal claims in connection with numerous state court proceedings in which Appellants were parties. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.2003) (*Rooker–Feldman*); *Canatella v. California*, 404 F.3d 1106, 1109 (9th Cir.2005) (*Younger* abstention). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine because Appellants' action amounted to a "de facto appeal" seeking federal relief from state court orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," from asking district courts to review and reject those judgments); *Noel*, 341 F.3d at 1158 ("A federal district court dealing with ... a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.")

To the extent any of Appellants' state court proceedings are not final, the district court did not err by abstaining under

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

 

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Appellants' objection to the magistrate judge's jurisdiction is without merit. *See* 28 U.S.C. § 636(b)(1)(B) (a district court judge can designate a magistrate judge to issue proposed findings of fact and recommendations).

Appellants' remaining contentions are unavailing.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.