

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-36020 |
| Plaintiff - Appellee, | D.C. No. 1:12-cv-00603-CL |
| v. | |
| IVAN A. CERMAK; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| TIM RICHARDSON, as Trustee of JI Foundation Trust; et al., | |
| Defendants - Appellees, | |
| v. | |
| ERIC LIGHTER, | |
| Movant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 21, 2015[]

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Eric Lighter appeals pro se from the district court's order denying his motion to intervene in a lawsuit to foreclose upon federal tax liens on real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of intervention as of right, and for an abuse of discretion the denial of permissive intervention. *Prete v. Bradbury*, 438 F.3d 949, 953-54 & n.6 (9th Cir. 2006). We affirm in part and dismiss in part.

The district court properly denied Lighter's motion for intervention as of right under Federal Rule of Civil Procedure 24(a) because Lighter failed to meet his burden to show that all requirements for intervention were met. *See* Fed. R. Civ. P. 24(c) (a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought"); *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (setting forth four-part test for determining intervention as of right and explaining that "[t]he party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met"); *see also Sw. Ctr. for*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12-36020

*Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) (when deciding a motion to intervene, courts need not take as true allegations that are a sham or frivolous).

The district court did not abuse its discretion by denying Lighter's motion for permissive intervention because Lighter failed to show that the requirements for permissive intervention were met. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (listing "threshold requirements" for permissive intervention). Accordingly, we dismiss that portion of Lighter's appeal for lack of appellate jurisdiction. *See Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005) ("[W]e allow appeal of the denial of a motion for permissive intervention only if the trial court abused its discretion.").

Lighter's motion to take judicial notice, filed on April 16, 2013, is denied.

**AFFIRMED in part; DISMISSED in part.**