**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TY CLEVENGER, | No. 17-17136 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-02798-WHA |
| v. | |
| GREGORY P. DRESSER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 19, 2018**
San Francisco, California

Before: BOGGS,*** PAEZ, and OWENS, Circuit Judges.

Ty Clevenger, an inactive member of the State Bar of California ("State

Bar"), appeals from the district court's orders dismissing his case based on

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*Younger* abstention, denying preliminary injunctive relief, and sanctioning the State Bar's counsel. Clevenger asserts First Amendment retaliation and selective prosecution claims, alleging the State Bar sought his disbarment because of his blogging that was critical of the bar. We review the district court's decision to abstain de novo. *See Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). We review for abuse of discretion both the decision to deny a preliminary injunction, *see Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1103 (9th Cir. 2016), and the imposition of sanctions, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed the case after concluding that each element of *Younger* abstention was satisfied. For a federal court to abstain, it must conclude that state proceedings are (1) ongoing, (2) implicate an important state interest, and (3) offer the plaintiff an adequate opportunity to raise constitutional claims. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). Clevenger contests both whether state proceedings were ongoing and whether they offered him a sufficient forum to litigate his claims.

First, state proceedings were ongoing even though Clevenger filed his lawsuit in federal court before the State Bar filed formal charges against him. *See M&A Gabaee v. Cmty. Redevelopment Agency of L.A.*, 419 F.3d 1036, 1039 (9th

Cir. 2005) ("[I]t is not the filing date of the federal action that matters, but the date when substantive proceedings begin."). Here, the district court had not yet held "any proceedings of substance on the merits" before the State Bar filed formal disciplinary charges against Clevenger. *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *see also Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 728-29 (9th Cir. 2017) (explaining the proper inquiry is "fact-specific"). Even in denying Clevenger's request for a preliminary injunction, for instance, the district court did not evaluate the case's merits. With federal litigation only in its "embryonic stage," abstaining to allow Clevenger's claims to be heard in state proceedings was proper. *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (citation omitted).

Second, the State Bar's disciplinary proceedings offer an adequate forum for Clevenger to litigate his claims. This court has previously addressed Clevenger's argument, and each time held that this *Younger* element is met because the litigant can seek review by the California Supreme Court. *See, e.g., Canatella v. California*, 404 F.3d 1106, 1111 (9th Cir. 2005) ("Although judicial review is wholly discretionary, its mere availability provides the requisite opportunity to litigate."); *Hirsh v. Justices of Sup. Ct. of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (per curiam).

Finally, *Younger*'s bad-faith exception does not apply here. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Neither

3

Clevenger's allegations nor any evidence in the record suggests that the State Bar acted in bad faith in seeking his disbarment. The State Bar acted only after Clevenger notified it that another jurisdiction had disciplined him. Thus, the State Bar did not begin disciplinary proceedings "without a reasonable expectation of obtaining a valid [disbarment]," *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975), or to retaliate against the exercise of a constitutional right, *see Dombrowski v. Pfister*, 380 U.S. 479, 489-90 (1965). The district court, therefore, properly held that the bad-faith exception does not preclude abstention here.

2. Clevenger's appeal from the denial of a preliminary injunction is moot. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982) (holding that an entry of final judgment moots an appeal from an order denying a preliminary injunction). This rule applies even when a district court dismisses a case on non-merits grounds. *See Nationwide Biweekly*, 873 F.3d at 730-31 ("If the cases had been properly dismissed on *Younger* grounds, there would be no need to reach the merits of the preliminary injunctions."). As such, we do not address this issue on appeal.

3. The district court did not abuse its discretion in sanctioning the State Bar's counsel for "misrepresentations" made in court by granting Clevenger the opportunity to take a single two-hour deposition of a defendant. Clevenger argues that the sanction was insufficient. But, the district court had significant discretion

4

in "fashion[ing] an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45.

**AFFIRMED**.